IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04cr92

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEREMY LUJAN AIKEN. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* letter [Doc. 81], filed on December 14, 2009.

On December 4, 2009, the Fourth Circuit Court of Appeals remanded this matter for the limited purpose of considering whether good cause or excusable neglect exists such that the Fourth Circuit Court of Appeals may consider the Defendant's otherwise untimely appeal. [Doc. 79]. On December 10, 2009, the Court entered an Order directing the Defendant to show excusable neglect or good cause warranting an extension of the ten-day appeal period. [Doc. 80]. The Defendant has now responded. [Doc. 81].

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure requires that a defendant in a criminal case file a notice of appeal in the district court "within 10 days after the later of: (i) the entry of either the judgment or

the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). The Rule further provides that "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Other than as provided in Rule 4(b), the Court may not extend the time for filing a notice of appeal. See United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

In the present case, the Order from which the Defendant seeks to appeal was entered on July 31, 2009. [Doc. 73]. The Notice of Appeal, however, was not deposited in the prison's internal mail system until August 19, 2009 [See Doc. 74], which was beyond the 10-day period for filing a notice of appeal, but still within the 30-day excusable neglect period. While acknowledging that his notice was not timely filed, the Defendant states that he did not receive the Court's Order until August 7, 2009. Additionally, the Defendant attaches a letter from a prison case manager, explaining that there was a disturbance in the prison on August 9, 2009, which resulted in a "lockdown" of the facility for a period of three days, thus further delaying his efforts to file his appeal. [Doc. 81].

2

In light of these circumstances, and because the Defendant acted promptly in filing his Notice of Appeal once he became aware of the Court's adverse decision, the Court concludes that good cause exists for granting the Defendant an extension of time to appeal pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.  See United States v. Anneheim,  No. 5:99cr20, 2009 WL 2928896, at *1 (W.D.N.C. Sep. 9, 2009); United States v. Parson, No. 5:04cr18-11, 2009 2168869, at *1 (W.D.N.C. July 16, 2009).

Accordingly, **IT IS, THEREFORE, ORDERED** that the time for filing of the Notice of Appeal in this matter is **EXTENDED** to August 31, 2009, pursuant to Rule 4(b)(4), and that based thereon that the Defendant's Notice of Appeal mailed on August 19, 2009, is **DEEMED TIMELY FILED**.

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Fourth Circuit Court of Appeals along with the record on appeal.

Signed: December 21, 2009

Martin Reidinger
United States District Judge