IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00092-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| JEREMY LUJAN AIKEN. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration of Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. Amendment 782." [Doc. 109].

On February 23, 2015, this Court denied the Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines with regard to drug offenses. [Doc. 108]. The Court denied the Defendant's motion for a sentence reduction based on the fact that the Guideline Amendments at issue have no impact on the Defendant's Guideline calculations or sentencing range due to the fact that he is classified as a Career Offender. [Id.].

This Court cannot reconsider the Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 [Doc. 108]. According to 18 U.S.C. § 3582(b), a district court "'may not

modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (citing 18 U.S.C. § 3582(c) and United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].")) As the court stated in Goodwyn:

> Section 3582(c)(2) does not expressly provide that a court may grant only one sentence modification, but neither does it in any way suggest that a court may grant more than one modification. As the clear intent of § 3582 is to constrain postjudgment sentence modifications, we hold that this silence precludes the interpretation [of granting a motion for reconsideration of a sentence modification] that would permit unlimited motions for reconsideration over an unspecified period of time. To hold otherwise would subvert the statute's overriding purpose.

Goodwyn, 596 F.3d at 236.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration of Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. Amendment 782" [Doc. 109] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 18, 2015

Martin Reidinger
United States District Judge