# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00092-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEREMY LUJAN AIKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for release to home confinement [Doc. 125].

The Defendant moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. [Doc. 125].

The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may

lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate*.") (emphasis added).  As such, this Court lacks the authority to order the Defendant's release.  <u>Deffenbaugh v. Sullivan</u>, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); <u>United States v. Overcash</u>, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); <u>United States v. Curry</u>, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

Defendant's motion pursuant to the First Step Act [Doc. 113], remains pending.

For these reasons, the Defendant's request for a release to home detention is denied.

2

Case 1:04-cr-00092-MR   Document 128   Filed 05/11/20   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for release to home confinement [Doc. 125], is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 11, 2020

Martin Reidinger
United States District Judge