THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00092-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEREMY LUJAN AIKEN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 135].

In December 2004, the Defendant Jeremy Lujan Aiken pled guilty to possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. 922(g)(1) (Count Four). In June 2005, the Court determined the Defendant to be a career offender and sentenced him to a term of 224 months' imprisonment on Count One and a term of 120 months' imprisonment on Count Four, to be served concurrently, and a supervised release term of five years. [Doc. 33].

In August 2020, the Court granted the Defendant relief under the First Step Act of 2018 and reduced his sentence to time served plus ten (10) days. [Doc. 132]. The Defendant's term of supervised release was reduced to a term of four (4) years. [Id.]

Having completed one year of supervision, the Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 135].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. Here, the Court is not satisfied that termination is warranted at this time. Although the Defendant's apparent adjustment to supervision is commendable, the Defendant spent a significant period of time in prison, and the Court finds that further supervision is still warranted. Accordingly, the Defendant's request to terminate his term of supervised release is denied.

2

Case 1:04-cr-00092-MR   Document 136   Filed 12/17/21   Page 2 of 3

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 135] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: December 17, 2021

Martin Reidinger
Chief United States District Judge