# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00092-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEREMY LUJAN AIKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Second Motion to Terminate Supervised Release [Doc. 135].

In December 2004, the Defendant Jeremy Lujan Aiken pled guilty to possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One), and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. 922(g)(1) (Count Four). In June 2005, the Court determined the Defendant to be a career offender and sentenced him to a term of 224 months' imprisonment on Count One and a term of 120 months' imprisonment on Count Four, to be served concurrently, and a supervised release term of five years. [Doc. 33]. In August 2020, the Court

granted the Defendant relief under the First Step Act of 2018 and reduced his sentence to time served plus ten (10) days. [Doc. 132]. The Defendant's term of supervised release was reduced to a term of four (4) years. [Id.]

In August 2021, the Defendant moved for the early termination of his supervised release on the grounds that he had abided by all of the terms of supervision for a period exceeding one year. [Doc. 135]. The Court denied that motion without prejudice in December 2021. [Doc. 136]. In denying the requested relief, the Court concluded that although the Defendant's apparent adjustment to supervision was commendable, the Defendant had spent a significant period of time in prison, and further supervision was still warranted. [Id.].

Now, less than five months later, the Defendant renews his motion for early termination, citing the same grounds as raised in his previous motion. [Doc. 137]. It is a rare set of circumstances in which supervised release will be terminated when less than two thirds of the term has been served. The Defendant has presented no extraordinary circumstances, other than his having done what is expected of him. While such good conduct is to be praised, standing along it is not a basis for termination when less than half of the supervised release term has been served. For the reasons previously

stated [Doc. 136], the Court is not satisfied that termination is warranted at this time. See 18 U.S.C. § 3583(e)(1). Accordingly, the Defendant's request to terminate his term of supervised release is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Second Motion to Terminate Supervised Release [Doc. 137] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge