THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00092-MR-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| JEREMY LUJAN AIKEN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release. [Doc. 139].

In 2005, the Defendant was convicted of possessing with intent to distribute cocaine base and possessing a firearm after having been convicted of a felony and was sentenced to 224 months' imprisonment, to be followed by five years of supervised release. [Doc. 33]. In August 2020, the Court granted the Defendant's motion under the First Step Act and reduced his sentence to time served plus ten days, to be followed by four years of supervised release. [Doc. 133].

The Defendant has filed three motions to terminate his supervised release early since he began his term of supervision in 2020. [Docs. 135,

137, 139]. The Court denied the first two without prejudice. [Docs. 136, 138]. In support of his latest motion, the Defendant states that he has abided by all the terms of his supervised release for more than one year, is gainfully employed, and has reunited with his family. [Doc. 139]. He seeks early termination so that he may travel out of state to care for his parents without restriction. [Id.].

The Defendant's supervising probation officer reports that the Defendant has complied with the terms of supervised release and is gainfully employed. While the probation officer does not oppose the Defendant's request for early termination, the Government opposes the Defendant's motion due to the seriousness of the offenses of conviction and the severity of his criminal history. [Doc. 140].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). While the Defendant's compliance with the terms of supervision is commendable, the Court is not satisfied that termination is warranted under the circumstances. Supervision is rarely terminated before two thirds of the term is served, even with full compliance, because of the connection to the

services available through the probation office. In addition, the Defendant's offenses were extremely serious, resulting in a lengthy prison sentence. Additionally, he has an extensive criminal history, including a history of committing offenses while under the supervision of a probation officer. For these reasons, the Court concludes that the Defendant should remain on supervised release in order to get the full benefit of its rehabilitative benefits. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 139] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge