**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00092-MR-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JEREMY LUJAN AIKEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's Fourth Motion to Terminate Supervised Release. [Doc. 142]. The Government opposes the Defendant's request. [Doc. 144].

In 2005, the Defendant was convicted of possessing with intent to distribute cocaine base and possessing a firearm after having been convicted of a felony and was sentenced to 224 months' imprisonment, to be followed by five years of supervised release. [Doc. 33]. In August 2020, the Court granted the Defendant's motion under the First Step Act and reduced his sentence to time served plus ten days, to be followed by four years of supervised release. [Doc. 133].

The Defendant has filed a total of four motions to terminate his supervised release early since he began his term of supervision in 2020. [Docs. 135, 137, 139, 142]. The Court denied the first two without prejudice. [Docs. 136, 138]. Most recently, the Court denied his third motion because: (1) supervision is rarely terminated before completion of two-thirds of the term; (2) the offenses of conviction were extremely serious; and (3) the Defendant's criminal history is extensive, including the commission of new offenses while on probation. [Doc. 141]. In support of his latest motion, the Defendant offers only that that he has abided by all the terms of his supervised release for more than one year. [Doc. 142]. The Government opposes the Defendant's motion due to the seriousness of the offenses of conviction and the severity of his criminal history. [Doc. 140].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). While the Defendant's compliance with the terms of supervision is commendable, the Court is not satisfied that termination is warranted under the circumstances. The Defendant's offenses were extremely serious, resulting in a lengthy prison sentence. Additionally, he has an extensive

criminal history, including a history of committing offenses while under the supervision of a probation officer and a designation as a career offender. For these reasons, the Court concludes that the Defendant should remain on supervised release in order to ensure that he remains on track and does not re-offend. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Fourth Motion to Terminate Supervised Release [Doc. 142] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: August 7, 2023

Martin Reidinger
Chief United States District Judge